UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FREDERICK BANKS, | ) |
| | ) |
| Plaintiff | ) |
| | ) 2:17-cv-00239-DBH |
| v. | ) |
| | ) |
| ADRIAN ROE, et al., | ) |
| | ) |
| Defendants | ) |

## RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A

In this action, Plaintiff Frederick Banks alleges he has been unlawfully detained in the District of Ohio, in the context of criminal proceedings pending in the District of Pennsylvania. Plaintiff has filed a pleading captioned "Complaint and Order for Writ of Mandamus" in this district and several other districts. The Court denied Plaintiff's motion to proceed in forma pauperis because Plaintiff did not provide the requisite financial information. (Order, ECF No. 3.)

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act (PLRA) "before docketing, if feasible or … as soon as practicable after docketing," because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

## STANDARD OF REVIEW

The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## FACTUAL BACKGROUND

Plaintiff alleges Defendants have intentionally delayed his criminal case in the Western District of Pennsylvania, *United States v. Banks*, No. 2:15-cr-00168 (W.D. Pa.), such that he has now been incarcerated for a longer time than the sentence that could be imposed if he were convicted. Plaintiff has named as Defendants the presiding district court judge, the prosecuting attorneys, certain FBI agents, the CIA, certain law enforcement officials, and his appointed counsel. Plaintiff requests declaratory relief and monetary relief, and an order directing the presiding judge to expedite his criminal case.

## DISCUSSION

The federal mandamus statute states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, with respect to a writ of mandamus or prohibition directed toward the activity of a federal district court, such a proceeding is designed either to compel a court to act or to prevent a court from acting. *In re Blodgett*, 502 U.S. 236, 241 n.1 (1992); *Will v. United States*, 389 U.S. 90, 95 (1967); *In re Recticel Foam Corp.*, 859 F.2d 1000, 1001 n.1 (1st Cir. 1988). "Exceptional circumstances" are required to invoke such an "extraordinary

remedy," and, significantly, one district court cannot compel another district court to act under such a writ. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). *See also* 28 U.S.C. § 1651(a) (the All Writs Act) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law.") (emphasis added).

As recently observed by the District of Hawaii, in which district Plaintiff also filed:

> If Banks seeks an order directing the Western District of Pennsylvania to try him forthwith, he must pursue such relief with the Court of Appeals for the Third Circuit. And the Third Circuit has already denied Banks a writ of mandamus in his pending criminal action in the Western District of Pennsylvania, finding, "[t]o the extent that Banks alleges that mandamus relief is appropriate in light of the delay in his criminal case while the question of his competency is being determined, we disagree that our intervention is warranted." *In re Banks*, 670 F. App'x 54 (3d Cir. 2016) (Mem.) (citing *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996)). The Third Circuit found that the record in Banks' criminal case, at least up to November 2016, showed that "the District Judge and the parties remain engaged in the matter, and the proceedings have remained active in recent months." *Id.* The District of Hawaii is not a court "superior" to the Western District of Pennsylvania, cannot sit as a quasi-appellate court over that district court, and has no jurisdiction or duty to compel the Western District of Pennsylvania, its U.S. Attorney and Assistant U.S. Attorneys, the CIA, the FBI, or their officers to take any action in Banks' pending criminal action.

*Banks v. Song*, No. 1:17-cv-00339 (D. Haw. July 25, 2017) (Order Dismissing Action and Denying In Forma Pauperis Applications). Simply stated, this Court lacks the authority to provide the mandamus relief requested by Plaintiff.

Furthermore, insofar as Plaintiff attempts to bring an action for violation of his civil rights, presumably pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971), even if this Court has jurisdiction over the defendants,

3

the District of Maine is not the proper venue for Plaintiff's claim. Title 28 U.S.C. § 1391(b) provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Given Plaintiff's place of detention, the apparent residences of the individual defendants, and the subject matter of the complaint, to the extent Plaintiff asserts an actionable claim within the federal court's jurisdiction, the proper venue for Plaintiff's action appears to be the Western District of Pennsylvania. In fact, Plaintiff's complaint has already been filed in or directed to the Western District of Pennsylvania. *Banks v. Roe*, No. 2:17-mc-00619 (W.D. Pa.) (dismissed without prejudice subject to Plaintiff's compliance with requirements imposed on him as a "vexatious litigant"); *Banks v. Roe*, No. 2:17-mc-00604 (W.D. Pa.) (case transferred from the Eastern District of Texas, dismissed without prejudice subject to Plaintiff's compliance with requirements imposed on him as a "vexatious litigant"); *Banks v. Roe*, No. 2:17-mc-00620 (W.D. Pa.) (case transferred from the District of West Virginia Southern, awaiting screening); *see also Banks v. Song*, No. 2:17-mc-00632 (W.D. Pa.) (not yet screened).

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). Because the action has been brought to the attention of the Western District of Pennsylvania, transfer would serve no purpose. Accordingly, dismissal is appropriate.[1]

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915A, I recommend the Court dismiss Plaintiff's complaint.

---

[1] A review of the PACER docket reveals that Plaintiff has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed" as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Based on the prior litigation, Plaintiff is not eligible for in forma pauperis relief, in any event. *Id.* As recently noted by the District of Hawaii and the District of Ohio:

> Banks has accrued at least three strikes while a prisoner pursuant to 28 U.S.C. § 1915(g). *See Banks v. Orlando Police Dep't*, No. 16-14855 (11th Cir. 2016); *Banks v. U.S. Marshal*, 274 F. App'x 631 (10th Cir. 2008); *Banks v. Disney*, No. 1:16-cv-00333-BLW (D. Idaho Jan. 17, 2017). As the Honorable Patricia A. Gaughan, U.S. District Judge for the Northern District of Ohio, recently observed,
>
>> Banks is a notorious frequent filer who has had over 205 cases dismissed as frivolous at the pleading stage. . . . When courts began to dismiss his civil actions under § 1915(g), Banks attempted to circumvent the statute by filing habeas petitions under 28 U.S.C. § 2241 or petitions for writs of mandamus to assert various civil rights violations.

*Banks v. Song*, No. 1:17-cv-00339 (D. Haw. July 25, 2017) (Order Dismissing Action and Denying In Forma Pauperis Applications) (quoting *Banks v. Valaluka*, No. 1:15-cv-01935, 2015 WL 7430077, at *1 (N.D. Ohio Nov. 18, 2015)). Plaintiff's failure to qualify for in forma pauperis relief thus provides another basis for dismissal.

5

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of August, 2017.